## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KRS CORPORATION, LLC,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   No. 09-2312-CM |
| v. | ) |
| | ) |
| **QSR AUTOMATIONS, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

### MEMORANDUM AND ORDER

Plaintiff KRS Corporation, LLC ("KRS"), brings this trademark infringement action seeking declaratory relief against defendant QSR Automations, Inc. ("QSR"). Pending before the court is Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer Action to Western District of Kentucky (Doc. 11). In the Western District of Kentucky, QSR filed a complaint for injunctive relief and damages against KRS, alleging misappropriation of trade secrets and other related claims. The Kentucky complaint was filed on March 31, 2009. The complaint in the instant case was filed on June 12, 2009. In the Western District of Kentucky case, KRS has filed a motion to dismiss for lack of personal jurisdiction.

As part of the inherent power to control its docket, the district court has the power to stay proceedings pending before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Barton Solvents, Inc. v. Sw. Petro-Chem, Inc.*, 836 F. Supp. 757, 763 (D. Kan. 1993). The power will be used within the discretion of the court to provide economy of time and effort for itself, and for counsel and litigants appearing before the court. *Landis,* 299 U.S. at 254; *Barton Solvents,* 836 F. Supp. at 763.

Federal courts have developed a general rule to apply to situations in which essentially the same issues and litigants are involved in two substantially identical causes of action before federal courts in different districts. The first-to-file rule provides that the court where jurisdiction first attaches should make the determination of the appropriate venue to decide the case, and the second court will decline to act until proceedings in the first court terminate. *See Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). The principle underlying the rule is to avoid duplicative litigation. Substantial similarity in the parties and issues is sufficient to invoke application of the rule. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983).

Here, the Kentucky and Kansas cases involve the same parties and substantially similar issues. Although QSR has sought transfer or dismissal, the court finds that judicial economy will best be served by temporarily staying this case. Only one court—the one in which the action was first filed—will decide which venue is proper. If the Western District of Kentucky determines that it lacks personal jurisdiction over KRS, it will dismiss or transfer the case, and this case can then proceed. A decision to stay the proceedings before this court will also substantially reduce the time and economic burden on the parties by eliminating the need to engage in duplicative discovery and motion practice before two courts simultaneously.

The immediate question before the court is not whether the parties' disputes should be heard in the District of Kansas or the Western District of Kentucky, but which court should decide who can and should hear the disputes. The first-to-file rule is designed to control situations such as this. Either court has the power to decide the issues, but judicial economy requires that only one make the decision—the one in which jurisdiction first attached. The court stays all proceedings in this case

Federal courts have developed a general rule to apply to situations in which essentially the same issues and litigants are involved in two substantially identical causes of action before federal courts in different districts. The first-to-file rule provides that the court where jurisdiction first attaches should make the determination of the appropriate venue to decide the case, and the second court will decline to act until proceedings in the first court terminate. *See Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). The principle underlying the rule is to avoid duplicative litigation. Substantial similarity in the parties and issues is sufficient to invoke application of the rule. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983).

Here, the Kentucky and Kansas cases involve the same parties and substantially similar issues. Although QSR has sought transfer or dismissal, the court finds that judicial economy will best be served by temporarily staying this case. Only one court—the one in which the action was first filed—will decide which venue is proper. If the Western District of Kentucky determines that it lacks personal jurisdiction over KRS, it will dismiss or transfer the case, and this case can then proceed. A decision to stay the proceedings before this court will also substantially reduce the time and economic burden on the parties by eliminating the need to engage in duplicative discovery and motion practice before two courts simultaneously.

The immediate question before the court is not whether the parties' disputes should be heard in the District of Kansas or the Western District of Kentucky, but which court should decide who can and should hear the disputes. The first-to-file rule is designed to control situations such as this. Either court has the power to decide the issues, but judicial economy requires that only one make the decision—the one in which jurisdiction first attached. The court stays all proceedings in this case

-3-

pending determination by the Western District of Kentucky whether personal jurisdiction and/or venue are proper there.

Because the court stays this case, it need not decide QSR's motion to dismiss or transfer. The decision of the Western District of Kentucky will impact the relevant issues before this court. The court therefore denies the motion without prejudice as moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer Action to Western District of Kentucky (Doc. 11) is denied as moot. This action is stayed pending further disposition by the Western District of Kentucky. The parties should advise this court when the Western District of Kentucky resolves the pending motion to dismiss. At that time, the court will likely lift the stay in this case, and QSR may file another motion to dismiss or transfer, if appropriate, within 23 days of the date the court lifts the stay.

Dated this 22nd day of September 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**